UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#89

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** **Order GRANTING Plaintiffs' motion for certification of the proposed class for settlement purposes; GRANTING Plaintiffs' motion for preliminary approval of the class action settlement; GRANTING the proposed notice plan and proposed schedule; APPOINTING Strategic Claims Services, Inc. as claims administrator; and ORDERING the preparation of additional memoranda.**

Before the Court is Plaintiffs' unopposed motion for preliminary approval of a class action settlement. Dkt. # 89. The Court heard oral argument on the motion on December 1, 2014. After considering the arguments made at the hearing as well as the papers submitted by Plaintiffs, the Court GRANTS Plaintiffs' unopposed motion for preliminary approval of a class action settlement and ORDERS the preparation of additional memoranda.

I.   Background

Ambow Education Holding LTD ("Ambow") sells educational and career enhancement services and products to students and recent graduates in the People's Republic of China. *Third Amended Complaint* ("TAC") ¶¶ 2,3. On August 5, 2010, Ambow completed its initial public offering ("IPO") selling over 10 million American Depositary Shares ("ADS") at $10 per share and the ADS began trading on the New York Stock Exchange. *Id.* ¶ 4. Ambow's ADS were registered pursuant to an amended registration statement ("Registration Statement") filed on July 20, 2010, and declared effective by the Securities and Exchange Commission ("SEC") on August 5, 2010. *Id.* ¶ 6. Ambow filed a prospectus for the offering on August 5, 2010. *Id.* ¶ 5.

Defendant Jin Huang ("Huang") signed Ambow's Registration Statement and has served as Ambow's President and Chief Executive Officer since 2000. *Id.* ¶ 96. Defendant Paul Chow ("Chow") served as Ambow's Chief Financial Officer from February 2010 to December 2011.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

*Id.* ¶ 99.  Defendants Xuejun Xie ("Xie"), Daniel Phillips ("Phillips"), Lisa Lo ("Lo"), Mark Robert Harris ("Harris"), Tao Sun ("Sun"), and Sasha Chang ("Chang") were Ambow directors and also signed the Company's Registration Statement.  *Id.* ¶¶ 100-105.

On June 11, 2012, former Plaintiff Srikanth Gudimetla ("Gudimetla") filed a class action lawsuit against Ambow, Huang, and Chow, on behalf of all persons or entities that purchased Ambow's ADS between May 18, 2011 and May 16, 2012.[1]  *See* Dkt. # 1.  The Complaint alleged that Defendants violated Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)) and Securities and Exchange Commission Rule 10b-5 (17 C.F.R. § 240.10b-5).  *See Compl.* ¶ 10.  On June 22, 2012, another Plaintiff, Byron Brown ("Brown"), filed a class action complaint in the Central District of California with similar allegations against Defendants.  *See* Dkt. # 1 (CV 12-5480).

On August 20, 2012, Plaintiff Tianqing Zhang ("Zhang") filed a motion to consolidate the related cases, to appoint Zhang as lead plaintiff, and to appoint Zhang's attorneys as lead counsel.  *See* Dkt. # 6.  On November 19, 2012, the Court granted the motion, appointing Zhang as lead plaintiff and appointing Zhang's counsel, The Rosen Law Firm, P.A., as lead counsel("Plaintiffs' Counsel").  *See* Dkt. # 18.

Plaintiffs then filed a Consolidated Amended Complaint on February 19, 2013 followed by a Second Consolidated Complaint on May 3, 2013.  *See* Dkts. # 21, 32.  On October 7, 2013, Defendants filed motions to dismiss and the Court stayed the hearings on the motions pending a mediation that took place on December 5, 2013.  *See* Dkts. # 48, 51, 68.  The mediation was unsuccessful and the Court granted Defendants' motions on February 6, 2014 giving Plaintiffs leave to amend.  *See* Dkt. # 71.

On March 17, 2014 Plaintiffs Byron Brown, Tianqing Zhang, and Roberto Salazar filed their Third Amended Consolidated Complaint against Defendants Ambow, Huang, Chow, Xie, Harris, Lo, Phillips, Sun, and Chang (together, "Defendants").  Dkt. # 73.  In the TAC Plaintiffs allege that "Ambow's Registration Statement and Prospectus, contained identical misrepresentations and omissions of fact" in violation of the federal securities laws.  *See TAC*.  Specifically, Plaintiffs' first claim is that Defendants Ambow, Huang, and Chow violated Section 10(b) of the Exchange Act and Rule 10b-5 of the Securities and Exchange Commission.

---

[1] Although the Complaint filed by Gudimetla defined the putative class as all persons or entities that purchased Ambow ADS between May 18, 2011 and May 16, 2012, the Third Consolidated Amended Complaint – which is the operative Complaint – expanded this putative class and defines it as: "all those who purchased Ambow's ADS between August 5, 2010 and February 27, 2013."  *See* Dkts. 1, 73.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

*Id.* ¶¶ 236-244.  The second claim is brought against Defendant Chow and Huang under Section 20(a) of the Exchange Act.  *Id.* ¶¶ 245-251. Plaintiff's third claim is that Defendants violated Section 11 of the Securities Act.  *Id.* ¶¶ 252- 263.  Lastly, Plaintiffs' fourth claim is against Defendant Huang and Chow for violations of Section 15 of the Securities Act.  *Id.* ¶¶ 264-270.  The parties underwent a second mediation on May 12, 2014 and agreed to settle the matter for $1,500,000.  *Mot.* 4.

Plaintiffs now seek: certification of the class for settlement purposes only; preliminary approval of the proposed settlement; approval of the form and method of the class notice; approval of the proposed schedule; and appointment of Strategic Claims Services, Inc. ("Strategic Services") as Claims Administrator.  *Mot.* 1-2, 12.

II.  Class Certification for Settlement Purposes Only

Plaintiffs seek to certify a class for settlement purposes only defined in the proposed Settlement Agreement as:

> All persons or entities who purchased or otherwise acquired Ambow's American Depository Shares ("ADS") during the period from its initial public offering on August 5, 2010 through and including February 27, 2013, and held such ADS through at least May 16, 2012, and were damaged by Defendant's alleged misconduct.

*Settlement Agreement* ¶ 24.

   A.  Legal Standard

Federal Rule of Civil Procedure 23(a) sets forth four prerequisites to class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.  Fed. R. Civ. P. 23.  In addition, under Rule 23(b) a plaintiff must demonstrate that (1) there is a risk of substantial prejudice from separate actions, (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate, or (3) common questions of law or fact predominate and the class action is superior to other available methods of adjudication.  *See* Fed. R. Civ. P. 23(b).  In this case, Plaintiffs seek certification under Rule 23(b)(3).  *See Mot.* 18.

   B.  Discussion

      i.  *Numerosity*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

The first requirement for maintaining a class action under Rule 23(a) is that the class is so numerous that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). In this case, Plaintiffs' Counsel "estimates that there were hundreds if not thousands of purchasers of Ambow ADS during the class period." *Mot.* 15. The Court agrees given that the proposed Class includes all persons who purchased or acquired more than 10 million shares of Ambow ADS. *See* TAC ¶ 4. Courts generally presume numerosity when there are at least forty members in the proposed class. *See Charlebois v. Angels Baseball, LP*, No. SACV 10-0853 DOC (ANx), 2011 WL 2610122, at *4 (C.D. Cal. June 30, 2011); *Alba v. Papa John's USA, Inc.*, No. CV 05-7487 GAF (CTx), 2007 WL 953849, at *5-6 (C.D. Cal. Feb. 7, 2007); *see also Jordan v. Cnty. of Los Angeles*, 669 F. 2d 1311, 1319 (9th Cir. 1982) *vacated on other grounds*, 459 U.S. 810 (1982). Numerosity is therefore easily satisfied here. *See In re Unioil Sec. Litig.*, 107 F.R.D. 615, 618 (C.D.Cal. 1985) (finding numerosity based on the purchase of "several million shares.").

  *ii.*  *Commonality*

To fulfill the commonality requirement of Rule 23(a)(2), Plaintiffs must establish questions of law or fact common to the class as a whole. *See* Fed. R. Civ. P. 23(a)(2). In construing Rule 23(a)(2), the Ninth Circuit has noted that the "existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1019 (9th Cir. 1998). In fact, according to the Supreme Court, "even a single common question" may satisfy Rule 23(a)(2). *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011).

Here, the members of the Class were all allegedly injured by the same misstatements and/or omissions. Resultantly, there are common questions of fact and law that can be resolved on a classwide basis. These questions include, *inter alia*, whether Defendants omitted and/or misrepresented material facts "about the business, operations and prospects of Ambow in publicly disseminated statements during the Class Period" and whether Defendants violated federal securities laws. *Mem.* 16; *TAC* ¶ 231.

Accordingly, there appears to be at least one "single common question" in satisfaction of Fed. R. Civ. P. 23(a)(2). *See Wal-Mart Stores, Inc.*, 131 S. Ct. at 2556; Fed. R. Civ. P. 23(a)(2).

  *iii.*  *Typicality*

Typicality under Rule 23(a)(3) requires a showing that the named plaintiffs are members of the class they represent and that their claims are "reasonably coextensive with those of absent class members," but not necessarily "substantially identical." *Hanlon*, 150 F. 3d at 1020. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

Supreme Court has explained that the typicality and commonality requirements overlap, but whereas commonality examines the characteristics of the entire proposed class, typicality compares the named plaintiffs to the remainder of the class. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982).

In this case, to the extent that Defendants made false and misleading statements and omissions regarding Ambow's business, all members of the proposed Class, including Plaintiffs, were injured by the same course of conduct and suffered essentially the same injury. It does not appear that Defendants engaged in any conduct unique to Plaintiffs, or that Plaintiffs' claims are subject to unique defenses.

As such, the typicality requirement is met.

    *iv.*    *Adequacy of Representation*

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Ninth Circuit has indicated that "[t]he proper resolution of this issue requires that two questions be addressed: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000).

There is no apparent conflict of interest between Plaintiffs and the putative class members. *Mot.* 18. Because the claims of the proposed Class members are based almost entirely on common issues of fact and law, and because Plaintiffs' claims are typical of the proposed Class, Plaintiffs' interests appear to be closely bound to the proposed Class. In light of Plaintiffs' litigation efforts thus far, the Court does not doubt that Plaintiffs will continue to vigorously prosecute this case. As to the adequacy of Plaintiffs' Counsel, Plaintiffs' allege that they "are represented by counsel who are experienced and skilled practitioners in litigating securities class action lawsuits, and have been appointed class counsel in numerous other securities class action cases." *Mot.* 18. The Court sees no reason to doubt Plaintiffs' averments. Furthermore, Plaintiffs' Counsel has prosecuted this matter vigorously from its inception by, *inter alia*, amending the complaint multiple times, participating in two mediations, and briefing Defendant's motions to dismiss.

Consequently, Plaintiffs and Plaintiffs' Counsel satisfy Rule 23(a)(4).

    *v.*    *Rule 23(b)(3)'s Predominance and Superior Method Requirements*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

Plaintiffs seek class certification pursuant to Rule 23(b)(3). *See Mot.* 19:15-16. Rule 23(b)(3) provides that a class may be certified where common questions of law or fact predominate over individual questions and a class action is the superior method for adjudicating the controversy as a whole. *See* Fed. R. Civ. P. 23(b)(3).

The predominance aspect specifically "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

Here, the predominance requirement is easily met because it appears that almost all of the material issues of law and fact will be common to the proposed Class. The principal issues Plaintiffs will have to prove, as discussed above, will be: whether Defendants made misleading statements and omissions regarding Ambow's financial condition, whether those statements were material, and whether Plaintiffs and the proposed Class members were damaged by their purchase of Ambow ADS. *See Amchem Prods. V. Windsor*, 521 U.S. 591, 625 (1997) ("Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of antitrust laws.").

The only notable issue that is not common to the proposed Class is the amount of damages to which each Class member is entitled. However, "[t]he amount of damages is invariably an individual question and does not defeat class action treatment." *Blackie v. Barrack*, 524 F. 2d 891, 905 (9th Cir. 1975). Accordingly, common issues of law and fact predominate in satisfaction of the predominance aspect of Fed. R. Civ. P. 23(b).

The superiority aspect of Rule 23(b)(3) evaluates whether "a class action is superior to other available methods for fairly and effectively adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The court may consider four factors when determining whether class certification is the superior method of adjudication: (1) "the class members' interests in individually controlling the prosecution or defense of separate actions;" (2) "the extent and nature of any litigation concerning the controversy already begun by or against class members;" (3) "the desirability or undesirability of concentrating the litigation of the claims in the particular forum;" and (4) "the likely difficulties in managing a class action." *Id.*

These factors favor class treatment. The alternative to a class action – individualized actions – would be inefficient, costly, and unwieldy. No individual member of the Class has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

expressed interest in separately controlling the prosecution of their case. Furthermore, there does not appear to be any other active, related litigation by or against class members in this case making and any resolution of the claims in other forums would be wasteful. Lastly, because Plaintiffs are seeking certification only for the purposes of settlement, the Court is not required to consider whether a trial of this case would be manageable. *See Amchem Prods.*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems for the proposal is that there be no trial.") (internal citation omitted). Consequently, the superiority requirement is satisfied.

    C.    Conclusion

Plaintiffs have met the requirements for class certification under Federal Rule of Civil Procedure 23. Therefore, the Court CERTIFIES the proposed Class for settlement purposes only; APPOINTS Plaintiffs' Counsel as Class Counsel; and APPOINTS Plaintiffs as Class Representatives.

III.    Preliminary Approval of the Proposed Class Action Settlement

Under the proposed Settlement Agreement, Defendants will pay $1,500,000 to the Gross Settlement Fund. *Settlement Agreement* 15:25-16:18. The Gross Settlement Fund will be used to pay notice and administration expenses, any attorneys' fees and costs authorized by the Court, and any other fees and expenses authorized by the Court. *Id.* 16:11-18. The remaining amount will be the Net Settlement Amount and will be distributed among Class members. *Id.*

The Settlement Agreement provides that Class Counsel may seek Attorneys' fees up to one-third of the Settlement Amount. *Id.* 27:15-21. In the Proposed Notice to the Class, Class Counsel has indicated that it will seek: (1) $375,000 in attorneys' fees; (2) no more than $115,000 in litigation expenses; and (3) incentive awards of no more than $1,500 for each Plaintiff. *See Proposed Notice* at pg. 2. Class Counsel estimates that Class members will receive an average of $.06 per share of Ambow ADS from the Net Settlement Amount. *Id.*

Under the proposed Settlement Agreement, Class members that do not opt-out of the Class will release all Claims against Defendants in connection to their Ambow ADS acquisition. *See Settlement Agreement* at pg. 10; *Proposed Notice* at pg. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

    A.    <u>Legal Standard</u>

    The approval of class action settlements is a two-step process under Federal Rule of Civil Procedure 23(e). Preliminary approval requires only that the terms of the proposed settlement fall within the range of possible approval. *See True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1063 (C.D. Cal. 2010) ("At the preliminary approval stage, a court determines whether a proposed settlement is within the range of possible approval and whether or not notice should be sent to class members."). It amounts to a finding that the terms of the proposed settlement warrant consideration by members of the class and a full examination at a final approval hearing. *Manual for Complex Litigation* (Fourth) § 13.14 at 173.

    After notice to the class, preliminary approval is followed by a review of the fairness of the settlement at the Fairness Hearing, and, if appropriate, a finding that it is "fair, reasonable and adequate." *Hanlon,* 150 F.3d at 1027. Because it is provisional, courts grant preliminary approval where the proposed settlement lacks "obvious deficiencies" raising doubts about the fairness of the settlement. *In re Vitamins Antitrust Litig.,* No. MISC 99-197(TFH), MDL 1285, 2001 WL 856292, at *4 (D.D.C. 2001) (quoting *Manual for Complex Litigation* (Third) §30.41).

    A court may approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In determining whether a settlement is fair, reasonable, and adequate, the district court must "balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026; *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list").

    The district court must approve or reject the settlement as a whole. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify, or rewrite particular provisions of the settlement. *Id.* The district court is cognizant that the settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

Furthermore, "[e]specially in the context of a case in which the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton*, 327 F.3d. at 952. The Ninth Circuit has held that settlement approval that takes place prior to formal class certification requires a higher standard of fairness. *See Hanlon*, 150 F.3d at 1026 ("The dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court-designated class representative, weigh in favor of a more probing inquiry[.]").

    B.    <u>Discussion</u>

        i.    *Fair and Honest Negotiations*

Courts generally presume that a Settlement Agreement is fair if it is the result of good faith, arm's length negotiations. *See Ross v. Trex Co., Inc.*, No. 09-cv-00670-JSW, 2013 WL 6622919, at *3 (N.D. Cal. 2013); *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06-04149 MMM (SHx), 2008 WL 8150856, at *4 (C.D. Cal. 2008); *see also Rodriguez v. West Publishing Corp.*, 563 F. 3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution[.]).

That presumption applies here. The Settlement Agreement was reached after two mediations and over "a year and a half of litigation, which included the filing of three amended complaints" and "two rounds of motions to dismiss filed by Defendants." *Mot.* 2. Furthermore, Plaintiffs allege that the Proposed Settlement was reached "only after consultation with damage, and market finance experts." *Id.* 8. Parties are "thoroughly familiar with the factual and legal issues involved" and the Court sees no reason to think that there was any collusion between the parties. *See id.* 8.

        ii.    *Scrutiny of the Settlement Agreement*

There are no obvious deficiencies in the proposed Settlement Agreement, or indications that Plaintiffs will receive preferential treatment (aside from any incentive awards approved by the Court). Plaintiffs, like all other Class members, will receive a distribution from the Net Settlement Amount "based on the same formulas that govern the recovery of every member of the Class." *Mot.* 9 fn.5.

Nonetheless, at this point whether the Settlement Agreement is "fair, reasonable and adequate" is a close question. *Hanlon,* 150 F.3d at 1027.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

On the one hand, the amount of the Settlement is very small. Even without considering attorneys' fees and costs, incentive awards, and notice and administration costs, Class members would only receive $.09 per Ambow ADS. *See Proposed Notice* at pg. 2. According to Plaintiffs, these shares were initially sold at $10 a share. *TAC* ¶ 4. If the Court grants the expected motions for attorneys' fees, costs, and incentive awards, it is possible that Class members' recovery will drop to approximately $.06 per share. *See Proposed Notice* at pg. 2.

On the other hand, several factors suggest that even this small recovery may be fair, reasonable, and adequate. For example, Plaintiffs recognize that "[b]ecause this action is subject to the provisions of the Private Securities Litigation Reform Act . . . there are very real risks that . . . Plaintiffs' claims would not survive Defendants' attacks regarding, *inter alia*, loss causation, liability and damages." *Id.* 7. That is, if Plaintiffs are able to survive Defendant's anticipated second round of motions to dismiss in light of the fact that the Court previously granted an initial round of motions to dismiss in part because of Plaintiffs failure to plead loss causation. *See* Dkt. # 71.

Furthermore, Plaintiffs claim that Ambow's "financial position is precarious" since there was, at one point during this litigation, a potential restructuring pending. *Mot.* 7. In addition, "even if Plaintiffs obtained a judgment, enforcing a judgment in China would be difficult as it is uncertain whether Chinese courts would recognize this Court's judgment." *Id.* 5. Lastly, Plaintiffs aver that continued prosecution of this action would be "complex, expensive and length," especially considering that Plaintiffs would need to obtain some discovery in China and "nearly all of the documentary evidence in China would require translation." *Id.* 4,5. For these reasons, the Court is satisfied that the Proposed Settlement falls within the "range of possible approval." *See True,* 749 F. Supp. at 1063.

The Court notes, however, that it is also concerned about the provision in the proposed Settlement Agreement stating that excess amounts in the Net Settlement Fund "shall be contributed to a non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by [Plaintiffs' Counsel." *Settlement Agreement* 23. The Plan of Allocation that Plaintiffs plan to submit should therefore, justify such allocation to the Court under Ninth Circuit law.

The cy pres doctrine permits courts to put unclaimed portions of a settlement fund "to its next best compensation use, e.g., for the aggregate, indirect, prospective benefit of the class." *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436 (9th Cir. 2007). The Ninth Circuit has interpreted this "next best use" principle to require that cy pres distributions "account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *Nachsin v. AOL, LLC*, 663

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

F.3d 1034, 1036 (9th Cir. 2011); *see also Six (6) Mex. Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990). In order to satisfy the requirements of *Nachsin* and *Six Mexican Workers*, cy pres distribution in a class action settlement must (1) address the objectives of the underlying statutes; (2) target the plaintiff class; or (3) provide reasonable certainty that any member will be benefited. *Nachsin*, 663 F.3d at 1039-40.

For the reasons stated above, the Court GRANTS Plaintiffs' motion for preliminary approval of the proposed Settlement Agreement.

C.   Notice to Class Members and Time Periods for Action

Before the Fairness Hearing, the Court will require adequate notice of the settlement to all Class members. Federal Rule of Civil Procedure 23(c)(2)(B) provides:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

   *i.*  *Proposed Notice to Class Members*

  Plaintiffs have drafted a Proposed Notice and have apprised the Court of the method by which they would like to distribute the Notice and Claims documents ("Settlement Documents"). Plaintiffs have also asked the Court to appoint Strategic Services as Claims Administrator. *Mot.* 12.

  Plaintiffs propose to have Strategic Services "mail, by first class mail, postage prepaid, individual copies" of the Settlement Documents to all potential Class Members at "the address of each such person as set forth in the records of Ambow or its transfer agent or who otherwise may be identified through further reasonable effort." *Id.* 9. Additionally, a summary notice will be published in, "the national edition of The Investors' Business Daily, a well-known, widely circulated business-oriented publication, as well as electronically on the GlobeNewswire." *Id.* (emphasis in original). Furthermore, Plaintiffs' Counsel represented during the hearing that Strategic Services will perform a skip-trace procedure to obtain current addresses of any returned notices. Plaintiffs' proposal is acceptable and provides the best notice that is practicable under the circumstances.

  The Proposed Notice, too, complies with Fed. R. Civ. P. 23(c)(2)(B). The Proposed Notice sets forth in clear language: (1) that there has been a class action settlement making relief available; (2) the Class definition; (3) the estimated recovery before and after the Court grants certain fees and costs; (4) information on how and where to submit a claim form or an opt-out form; and (5) the binding effect of a class judgment. *See generally Proposed Notice.*

  The Proposed Notice also clearly sets out to potential Class members that they have four options: (1) submit a claim form to receive a share of the settlement; (2) opt-out of the settlement agreement and retain the right to bring a lawsuit regarding the claims in this action; (3) object to the proposed settlement; and (4) do nothing, forego payment, and be bound by the terms of the settlement. *Proposed Notice* 3.

  To the extent that the Proposed Notice instructs Class members to file objections with the Court, rather than just with Counsel, these instructions must be eliminated from the notice materials. Instead of filing objections with the Court and with Counsel, class members shall send objections to counsel who will consolidate and present them to the Court when filing their papers regarding final settlement approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

   *ii.*  *Proposed Schedule*

  Finally, the Settlement Agreement and Proposed Order include the following proposed deadlines regarding the notice schedule:

- Ten days after the Court's Preliminary Approval Order, Strategic Services will publish a Summary Notice in Investors' Business Daily and GlobeNewswire.

- Twenty days after the Court's Preliminary Approval Order, Ambow shall provide to the Claims Administrator, in a usable electronic format, transfer records which indicate the legal owners of Ambow ADS currently or during the Settlement Class Period.

- Twenty-eight days after the Court's Preliminary Approval Order, Strategic Services will mail the Settlement Documents to potential Class members.

- No later than seventy-five days from the date of the Court's Preliminary Approval Order, potential Class Members must submit a Claim Form.

- At least twenty days before the Fairness Hearing, potential Class members must object to the proposed Settlement.

- At least thirty days before the Fairness Hearing, potential Class members must opt-out of the proposed Settlement.

- At least thirty days before the Fairness Hearing, Plaintiffs will file motions for Final Settlement Approval, attorneys' fees and costs, incentive awards, and approval of the Plan of Allocation.

  The proposed schedule is acceptable and allows potential Class members sufficient time to act in their best interests.

  D.  Conclusion

  For the reasons stated above, the Court GRANTS the Proposed Notice, Notice Plan, and Proposed Schedule. Furthermore, the Court APPOINTS Strategic Services as Claims Administrator.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5062 PSG (AJWx) | Date | December 2, 2014 |
|---|---|---|---|
| Title | Srikanth Gudimetla, *et al.* v. Ambow Education Holding, *et al.* | | |

IV.	Conclusion

For the foregoing reasons, the Court CERTIFIES the class for purposes of settlement only; PRELIMINARILY APPROVES the proposed Settlement Agreement; APPOINTS Strategic Services as Claims Administrator; and APPROVES the proposed Notice Plan and Schedule, except the language instructing potential Class members to file objections with the Court. The Fairness Hearing is set for **March 16, 2015** at **1:30pm**.

The Court ORDERS the following memoranda at least 30 days before the Fairness Hearing in addition to the motion for Final Approval of the Settlement Agreement:

(1)	Confidential memoranda from **all parties** detailing their determinations of the merits and value of this case, including the evidence relied on in reaching those determinations, including an explanation as to how the parties negotiated and reached the Settlement Amount.

(2)	A memorandum justifying incentive awards for Plaintiffs, including a detailed description of Plaintiffs' efforts in pursuit of this case, and supporting declarations.

(3)	Plaintiffs' motion for attorneys' fees and costs that includes declarations supporting the reasonableness of each attorneys' requested hourly rate, itemized billing statements showing hours worked, hourly rates, expenses incurred thus far, and expenses to be incurred in the future.

As discussed at the hearing, Plaintiff's motion for Final Approval of the Settlement should justify any cy pres allocation under Ninth Circuit law and provide the organization to which Plaintiffs wish to contribute funds from the Settlement.

**IT IS SO ORDERED.**